***********
After further review of the record and documents from the Full Commission file, the Full Commission finds that good grounds exist to withdraw Plaintiff's deemed admissions.
 ***********
On November 12, 2008, Plaintiff filed his Affidavit seeking damages against Defendant under the North Carolina Tort Claims Act. The Affidavit alleged negligence on the part of Defendant, and further alleged that on April 28, 2008, Defendant's negligence caused Plaintiff personal injury and damage to his vehicle when Defendant's vehicle backed into Plaintiff's vehicle at a stop light. On January 9, 2009, Defendant filed its Answer Motion to Strike denying the material allegations of Plaintiff's Affidavit and also seeking to strike the accident report attached to Plaintiff's Affidavit on the grounds that it was unauthenticated hearsay. On January 28, 2009, Defendant served Plaintiff with Defendant's First Set of Interrogatories and Request for Production of Documents. On April 16, 2009, Defendant mailed to Plaintiff Requests for Admission.
On May 4, 2009, the parties participated in a Pre-Trial Conference, at which time Deputy Commissioner Gheen inquired as to why Plaintiff did not respond to Defendant's Request for Admission. Plaintiff asserted that he never received Defendant's Requests for Admission, and Deputy Commissioner Gheen then personally served Plaintiff with a copy of the same.
On June 16, 2009, Defendant filed its Motion to Deem Requests for Admission Admitted, on the ground that Plaintiff never responded to Defendant's Requests for Admission. Also on June 16, 2009, Defendant filed Defendant's Motion for Summary Judgment, on the ground that Plaintiff's failure to answer its Requests for Admission operated as an admission of the facts contained therein, pursuant to Rule 36(a) of the North Carolina Rules of Civil Procedure. *Page 3 
Defendant argued that the admission of the facts contained in the Requests for Admission served to defeat Plaintiff's claim.
On August 3, 2009, Defendant's Motions came on for hearing. At the hearing before Deputy Commissioner Gheen, Plaintiff, appearingpro se, acknowledged having been served with Defendant's Requests for Admission, but explained that he did not answer them because it was his belief that if he did so, he would be admitting that he "was at fault," and that the Requests for Admission would "go against me if I answered them." On August 4, 2009, Deputy Commissioner Gheen filed an Order granting Defendant's Motions and dismissing Plaintiff's claim with prejudice, on the grounds that Plaintiff willfully failed to answer Defendant's Requests for Admission despite being properly served with them and further ordering Defendant's Requests for Admission be deemed admitted by operation of law. Based upon these deemed admissions, Deputy Commissioner Gheen granted Defendant's Motion for Summary Judgment.
On August 18, 2009, Plaintiff filed a Notice of Appeal to the Full Commission. On October 9, 2009, Plaintiff filed his Form T-44 assignments of error and attached his answers to Defendant's First Set of Interrogatories and Request for Production of Documents and also answers to the Requests for Admission. Plaintiff stated in his assignments of error that Defendant wanted him to admit he was at fault in the accident and that "I will never admitt [sic] that I was." At the Full Commission review, Plaintiff continued to represent himself. Plaintiff argued, as he did before Deputy Commissioner Gheen, that it was initially his belief that if he answered Defendant's Requests for Admission, he would be admitting facts that he felt were untrue and that would indicate that he was at fault, rather than Defendant. Plaintiff argued that he did not understand until after the hearing before Deputy Commissioner Gheen and the dismissal of his claim with prejudice that he could deny Defendant's Requests for Admission, and that failure to *Page 4 
answer these requests could result in him losing his claim.
In reviewing the transcript of the hearing before Deputy Commissioner Stephenson, it would appear that Defendant's counsel acknowledged "that a full hearing in a sense would not necessarily prejudice the defendant. I understand that we would have the opportunity to present evidence at that time." Although Defendant's counsel went on to assert that "in striking the requests for admissions we have been prejudiced in that we . . . feel as if we are being punished for really not doing anything wrong," and that Plaintiff's failure to answer Defendant's Requests for Admission prejudices Defendant because "it would be difficult to defend the claim as such," Defendant did not offer any evidence or reasons in support of these assertions.
Rule 36(b) of the North Carolina Rules of Civil Procedure provides that:
 [a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. N.C. Gen. Stat. § 1A-1, Rule 36(b) (2009).
The Full Commission finds and concludes that the presentation of the merits of this claim will be subserved if Plaintiff's deemed admissions are not withdrawn, and Defendant failed to establish that such withdrawal would be prejudicial to it in maintaining its defense on the merits of this claim.
The Full Commission therefore ORDERS that Plaintiff's deemed admissions are hereby withdrawn, and that Plaintiff's claim shall proceed to a full evidentiary hearing on the merits of the claim.
The Full Commission further ORDERS that this matter be remanded to Chief Deputy *Page 5 
Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the scheduling of a full evidentiary hearing and entry of a Decision and Order on the merits of Plaintiff's claim no earlier than 60 days from the filing of this Order.
With respect to other pre-hearing discovery, the Full Commission shall retain jurisdiction of this matter for 60 days to rule on issues related to discovery, as it would appear that some of Plaintiff's responses to Defendant's First Set of Interrogatories and Request for Production of Documents are either incomplete or unanswered. Although Deputy Commissioner Gheen's dismissal of Plaintiff's claim with prejudice obviated the need for further inquiry into Plaintiff's responses to Defendant's First Set of Interrogatories and Request for Production of Documents, the Full Commission is of the opinion that good grounds exist to re-visit this issue prior to any further evidentiary hearing.
Upon careful review of Plaintiff's responses to Defendant's First Set of Interrogatories and Request for Production of Documents, the Full Commission finds and concludes that Plaintiff's answers to Interrogatory numbers 6, 7, 12, and 19 are incomplete and require further answer, and that Plaintiff has yet to produce any documents in response to any of Defendant's Request for Production of Documents. Although Defendant argued at the hearing before Deputy Commissioner Stephenson that Plaintiff's answers to Interrogatory numbers five, 14, and 17 are also incomplete, the Full Commission finds and concludes that Plaintiff answered these interrogatories as completely as can be reasonably expected under the circumstances; however, Plaintiff shall provide the contact information for Plaintiff's health care providers.
The Full Commission therefore ORDERS that on or before November 19, 2010, Plaintiff shall completely answer Interrogatory numbers 6, 7, 12, and 19, and shall completely respond to all of Defendant's Requests for Production of Documents. Plaintiff's failure to fully answer *Page 6 
Interrogatory numbers 6, 7, 12, and 19, and completely respond to all of Defendant's Requests for Production of Documents by November 19, 2010 may result in the dismissal of Plaintiff's claim, with prejudice.
All communications from the parties prior to November 19, 2010 concerning this matter, including motions related to Plaintiff's discovery responses, shall be directed to Bernadine S. Ballance, Commissioner.
This the ___ day of September 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER